# Arnold's Estate.

*Decedent's estate—Real estate—Transfer to take effect after death of grantor—Collateral inheritance tax.*

Real estate belonging to a decedent and remaining in his possession is subject to a tax as part of his estate, notwithstanding the fact that he had conveyed the same by deed prior to his death, where the deeds were never delivered and he retained possession of the property and enjoyed the beneficial interest therefrom.

Where the real and personal estate fall to the same heirs it is not material from which source the payment of the tax is made.

Argued April 25, 1924. Appeals, Nos. 153, 154 and 155, April T., 1924, from decree of O. C. Allegheny Co.,

June T., 1916, No. 176, dismissing exceptions to adjudication in the Estate of James T. Arnold, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, P. J.

The facts are stated in the following opinion of the court below:

The question is, whether the estate of the decedent is liable for collateral inheritance tax.

At the audit of the account on July 10, 1916, at this number and term, $1,500 was suspended from distribution pending the determination of the question of the liability for tax.

From that time nothing was done, either by the Commonwealth or by the accountants, to bring the matter up for further consideration, until in July, 1919, the Commonwealth filed, through the register and its agent, its petition alleging there was due the Commonwealth $1,100 with penalty as provided by law, praying for an order directing payment thereof; citation issued, and an answer was filed August 28, 1919, denying liability. Again nothing further has been done until the matter was called to the attention of the court, and a hearing was fixed beginning with November 23, 1923, and testimony was taken. From the records offered in evidence and the testimony taken the following facts are found:

First, by deeds dated July 11, 1906, the decedent and his wife conveyed to his nephews, W. C. Cleland, Thomas A. Cleland, and R. J. Cleland, the real estate described in the deeds referred to in the records, and upon the value of which tax is claimed.

Second, these deeds were kept by Arnold in his safe deposit box and not delivered to the vendees; the consideration thereof is nominal.

Third, the three nephews above named by deed or declaration of trust dated January 6, 1908, wherein is recited the title in them of testator's estate by various

assignments, agreed to pay to testator during his life the income therefrom, which income includes rents, and further therein recited that the deeds made to them above set forth were to remain in his possession and not to be recorded until after his death.

Fourth, Arnold died in December, 1915, whereupon the deeds are recorded as of December 6, 1915.

The deeds for the real estate undelivered, the declaration of trust by the vendees in favor of Arnold, the testimony taken, indicating that rents were included among income, demonstrated that Arnold retained the use of this property in accordance with the agreement between the parties, and presumptively was entitled to the rents up until the time of his death; that the transaction and the dealings between the parties clearly show such conclusion appears from the language of the Supreme Court in Arnold's Est., 249 Pa. 348, wherein the court, commenting upon the matters in controversy in Mrs. Arnold's Estate, say, "It is true that she joined in the deeds conveying his real estate to his nephews, but they were never delivered to the grantees and the title, therefore, remained in Mr. Arnold and her right of dower would have attached had she survived him." That a conveyance of the legal title in whatever form, coupled with a retention of a beneficial use in the grantor, imposes a liability for the collateral inheritance tax upon the grantor is settled in Reish v. The Commonwealth, 106 Pa. 521; Dubois' App., 121 Pa. 368, and Wright's App., 38 Pa. 507. It is urged by counsel for the executors that even if this real estate is liable for the tax it should be by a proceeding against the real estate itself, and not on application to have the same paid out of personalty. There is authority for this position, but there is equal authority, and good practice is, where the parties have the same interest in the personalty as they have in the realty, that the tax can and should be collected out of the personalty in relief of the realty. To raise this question now is merely to delay the right which the Common-

wealth has to the tax by instituting a separate proceeding. The accountants not having furnished a description of this real estate to the Commonwealth for taxation purposes as the law requires, and especially, as no appeal was taken from the valuation put upon the real estate when filed, and further, it appearing by the record of the parties that the tax should be determined in this proceeding upon the audit, the executors are barred from raising the question at this time.

It is urged on the part of the executors that the account which Arnold kept touching these properties, charging his nephews or some of them with water rents and taxes paid, is conclusive against title in Arnold, but these charges are for the years 1899, 1900, 1901, 1902, and 1903. They have no bearing upon the status of the property after the date of the deeds in 1906. If there were other transactions between Arnold and his nephews prior to that time touching either the title or possession or occupancy of these properties, the record does not disclose them.

From the facts above found and the conclusions that must follow, the Commonwealth is entitled to the tax upon this property in accordance with its prayer, in the sum of eleven hundred dollars. It should not be entitled to and will be denied the penalty thereon. It has not been diligent in enforcing this claim, and should not be entitled to a premium for delay, even though blame may rest upon the other side for not pressing the matter to an issue before this time. The Commonwealth was the actor and should have proceeded with far more diligence than this record discloses.

*Error assigned* was, among others, the decree of the court.

*William M. Hall,* and with him *Alexander H. Hunter,* for appellants, cited: Sock's Est., 15 Pa. Superior Ct. 283; Mellon's App., 114 Pa. 564; Wharton's Est., 10

W. N. C. 105; Coxe's Est., 181 Pa. 369; Lisle's Est., 22 Pa. Superior Ct. 262.

*Charles A. Waldschmidt,* and with him *John Robert Jones,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

It appears from satisfactory evidence that the deeds for the conveyance of the real estate, which is the subject of the tax claimed, remained in the possession of the grantor until his death. The evidence also supports the conclusion that the grantor received the beneficial interest of the property as long as he lived. The case is therefore within the provision of the statute which makes all property subject to the tax which is transferred by deed, etc., made or intended to take effect in possession or enjoyment after the death of the grantor. The right of the Commonwealth to collateral inheritance tax is not defeated by a conveyance of the land if the enjoyment is intended to take effect when the grantor dies. On the facts found by the learned trial judge it follows therefore that the tax was properly charged.

The objection that tax is not collectible from the personal estate in a distribution proceeding is not convincing on the facts here presented. It appears that in a former distribution a fund was set apart to be applied to the tax now claimed, if it should be made to appear that the real estate was subject thereto. No objection was made to this action and as it is unquestioned that the owners of the real estate are also the owners of the fund from which the tax is now claimed, it is not to the interest of the appellants to protract the litigation on a contention having no substantial merit. The act directs that a tax shall be paid on the clear value of the estates passing to the collateral heirs, and whereas in this case the real estate and the personal property fall to the same

heirs, it is not material from which source the payment of the tax is made.

The decree of the court was well founded on the facts presented and is affirmed.  Appellants to pay the costs of appeal.