# Leach's Estate.

*Taxation—Inheritance tax—Collateral tax—Personal property jointly acquired by brother and sister—Joint tenants—Survivorship—Act of March 31, 1812, 5 Sm. L. 395.*

1. The relation of joint tenants exists where there has been established a single estate in property, real or personal, so that the two or more persons interested therein become owners under an express agreement.

2. In such case the one who survives does not take the moiety of the other tenant from him or as his successor, but takes it by right under the conveyance or instrument by which the joint tenancy was created; for title by survivorship is held to follow as an incident thereto.

3. The Act of March 31, 1812, 5 Sm. L. 395, changed the rule so that the joint tenant living longest should not take as a matter of law the share of the other.

4. But this legislation limited only the legal presumption which previously followed, and there was no restriction on the right of the parties to provide otherwise by will, deed, or agreement, and thus stipulate that the same right of succession should continue as theretofore.

5. Where a brother and sister purchase a library and additions thereto and use the same for many years in their joint historical work conducted as a partnership for profit, and it was agreed between them from the beginning that the library should remain intact and be the property of the survivor, the Commonwealth cannot levy an inheritance tax on the value of the half of the library as being the property of the brother at the time of his death.

6. In such case the title of the sister became effective by virtue of the original agreement.

7. Even if the title had been transferred to her by her brother in his lifetime, a reservation by him of the beneficial use thereof until death, or even of a power to revoke would not render it liable to the tax as part of his estate.

Argued January 20, 1925. Appeal, No. 187, Jan. T., 1925, by Commonwealth, from decree of O. C. Phila. Co., July T., 1922, No. 157, sustaining exceptions to adjudication, in estate of J. Granville Leach, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Exceptions to adjudication of GUMMEY, J.

The opinion of the Supreme Court states the facts.

Exceptions sustained in opinion by THOMPSON, J. The Commonwealth appealed. See 4 D. & C. 392.

*Error assigned* was, inter alia, decree, quoting it.

*Abraham Berkowitz, John Robert Jones,* First Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellant.—The Commonwealth contends that under the Act of 1921, the share or interest of the decedent passing to his sister at death, is subject to tax because at said death in 1923, and not a moment before did there occur a transfer of the absolute control, possession and enjoyment of decedent's share in the business, and that, down to date of his death, did J. Granville Leach retain and enjoy the revenues, income, profits, possession and control of his share and interest in the said business.

The decisions under the Act of 1887, are equally applicable under the Act of 1919, amended by the Act of 1921, and, unless by the conveyance the grantor parts with the possession, title, enjoyment and control during his lifetime, the tax cannot be defeated: Seibert's App., 110 Pa. 329; DuBois' App., 121 Pa. 368; Lines' Est., 155 Pa. 378; Todd's Est., 237 Pa. 466; Reish v.

Com., 106 Pa. 521; Dolan's Est., 279 Pa. 582; Spangler's Est., 281 Pa. 118.

The parties in this case, having agreed upon survivorship, which, of course, was lawful, the effect thereof was simply to recreate common law joint tenancy; and one incident thereof was that either party could assign and transfer his interest and sever the estate before death, and thereby destroy the survivorship: Carr's Est., 30 Pa. Dist. R. 481.

There was no peremptory right of survivorship created. The right of survivorship was purely contingent.

The decedent never parted with his hold on his share of the assets during his lifetime: Flanagan v. Nash, 185 Pa. 41; Grady v. Sheehan, 256 Pa. 377.

There is ample evidence here to justify holding that the form of ownership here shown is a partnership. The conclusion must also prevail that a tax is payable on the passing of the deceased partner's interest in the assets to the surviving partner.

*E. Spencer Miller,* for appellee, cited: Redemptorist Fathers v. Lawler, 205 Pa. 24; McCallum's Est., 211 Pa. 205; Kirkpatrick's Est., 275 Pa. 271; Dolan's Est., 279 Pa. 582.

OPINION BY MR. JUSTICE SADLER, March 16, 1925:

The Commonwealth seeks to recover collateral inheritance tax from the estate of J. Granville Leach based on an appraisement made on its behalf by the register of wills. The property involved was not included in the inventory filed by the executors, as no claim to ownership was made by them. It consisted of an interest in a library acquired jointly by the decedent and his sister, at least as early as 1899, and the additions thereto made from time to time. The value of the half-share was fixed at $500, and a tax of ten per cent on this amount imposed. On appeal, the auditing judge sustained the charge, but the court in banc

set it aside, and we are now asked to review the final order entered.

It appeared from competent testimony offered that the papers, valued in the assessment, had been jointly purchased and used for many years in the conduct of the historical work in which the two interested were engaged, with the understanding between them that all should remain intact, and be the property of the survivor. Indeed, in the will of the testator, this manner of acquisition of title and possession was expressly set forth, when he declared, in paragraph nine, "We [referring to his sister] have from time to time purchased genealogical and historical works, and have gathered much genealogical data, all of which, books and manuscripts, upon my decease, will become the property of the said Miss Leach under our partnership agreement, which provides that our library and collections were to be our joint property and become the property of the survivor."

The correctness of the conclusion, denying the claim of the Commonwealth, depends on whether the title of the sister became effective by virtue of the original agreement or by operation of the will. If the latter be true, the inheritance tax acts are applicable, and the decisions so holding need not be referred to in detail: Kirkpatrick's Est., 275 Pa. 271. Even though possession of the property in question has been transferred during the lifetime of the decedent, yet if there was a reservation to him of the beneficial enjoyment until death, the same conclusion would be reached: Todd's Est. (No. 2), 237 Pa. 466; Arnold's Est., 83 Pa. Superior Ct. 264. However, any such levy must be based on the value of property, the title to which passes at the time of death: Spangler's Est., 281 Pa. 118. And where there has been a prior legal provision for change in ownership, the mere fact that a power has been reserved to revoke does not alter the status of the parties: Houston's Est., 276 Pa. 330; Dolan's Est., 279 Pa. 582.

It therefore becomes necessary to determine when the half interest in the library was acquired by the sister, for if the right was secured by reason of the original agreement in 1899, then the succession cannot be under the brother's will, and no tax is assessable. This conclusion would admittedly follow if we were dealing with a tenancy by entireties (Beihl v. Martin, 236 Pa. 519), and, at common law, the same principle of survivorship was recognized where the parties were joint tenants. This relationship exists where there has been established "a single estate in property, real or personal," so that the two or more interested persons become owners under an express agreement: 33 C. J. 901. In such case "the [one] who survives does not take the moiety of the other tenant from him or as his successor, but takes it by right under the conveyance or instrument by which the joint tenancy was created" (33 C. J. 904), for title by survivorship was held to follow as an incident thereto.

The Act of March 31, 1812 (5 Sm. L. 395), changed this rule, so that the joint tenant living longest should not take as a matter of law the share of the other, but this legislation limited only the legal presumption which formerly followed, and there was no restriction on the right of the parties to provide otherwise, by will, deed or agreement, and thus stipulate that the same rights of succession should continue as theretofore: Arnold v. Jack's Executors, 24 Pa. 57. "Survivorship as an incident of an estate granted being still lawful, its creation becomes a question of intent. No particular form of words is required further than that they shall be sufficient to clearly express an intent in order to overcome the presumption arising from the statute": Redemptorist Fathers v. Lawler, 205 Pa. 24; McCallum's Est., 211 Pa. 205.

The court below has found a joint tenancy was created here when the library and its additions were secured, with the understanding that all the property

acquired should belong exclusively to the survivor. This arrangement was put into effect more than twenty years before the brother's death, and evidently was not entered into in contemplation of that event. The sister's rights then accrued, and the one-half did not pass to her by succession from him, but by reason of her contract of purchase. Under the circumstances, no collateral inheritance tax was chargeable, and the decision of the register of wills to the contrary was properly set aside. Without referring specifically to the assignments of error, all are overruled.

The decree is affirmed at the costs of appellant.