## McIntosh's Estate.

*Transfer inheritance tax—Estates of joint-tenants—Act of June 20, 1919.*

1. Under the Act of June 20, 1919, P. L. 521, property held by two joint-tenants is not subject to transfer inheritance tax upon the death of one of them, as upon the death of one joint-tenant the survivor becomes the owner of the deceased joint-tenant's interest by virtue of the deed creating the tenancy, which became effective as of its own date and not the date of decedent's death; hence, nothing passed at decedent's death from the decedent to the survivor.

*Transfer inheritance tax—Appeals from register—Practice, O. C.*

2. A party dissatisfied with the assessment for transfer inheritance tax should appeal directly therefrom to the Orphans' Court. The practice of presenting a petition after the assessment, praying for a citation to the Register of Wills to show cause why the inheritance tax should be paid is irregular and should not be encouraged.

Exceptions to opinion and decree on appeal from the appraisement of transfer inheritance tax. O. C. Phila. Co., April T., 1926, No. 1276.

*Charles S. Schofield*, for Commonwealth, exceptant.

*Joseph P. Dudley*, for appellant, contra.

GEST, J., Nov. 15, 1926.—This is an attempt of the Commonwealth to levy a transfer inheritance tax upon property held by two joint-tenants upon the death of one of them. The tax is claimed under the Act of June 20, 1919,

P. L. 521, the provisions of which, so far as the present case is concerned, are as follows:

"Section 1. A tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases:

"(a) When the transfer is by will or by the intestate laws of this Commonwealth from any person dying seised or possessed of the property while a resident of the Commonwealth. . . .

"(c) When the transfer is of property made by a resident . . . by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death."

The transfer here sought to be taxed is manifestly neither by will nor by the intestate laws, and it is not claimed, nor could it be claimed under the testimony, that it was made in contemplation of death, as to which, see Spangler's Estate, 281 Pa. 118.

The judge who presided at the hearing citing, among other cases, Leach's Estate, 4 D. & C. 392, 282 Pa. 545, held that Adelaide A. Moore, the survivor of the joint-tenants, became the owner of the property by virtue of the deed which was effective at its date and not at the date of the decedent's death. There was, in other words, no taxable transfer from the decedent to Adelaide A. Moore, intended to take effect in possession or enjoyment at or after the death of Caroline McIntosh. The fact is that nothing passed from Caroline McIntosh to Adelaide A. Moore at the former's death. What rights or interest she had up to that time then ceased to exist; they evaporated; there was nothing in her that could pass from her to any one else. The learned counsel for the Commonwealth argued that the decedent did not part with her title, because she might have severed the joint-tenancy during her life, and her interest was also, during her life, subject to levy and execution: Davidson v. Heydon, 2 Yeates, 459. Even if this be admitted, the answer, as made in the opinion of the presiding judge, is conclusive that the right to sever the tenancy is not to be treated as property, but is analogous to the right of revocation: Leach's Estate, 282 Pa. 545. This case in principle rules the present.

This comes before the court as an appeal from the appraisement made by the appraiser appointed by the Register of Wills. It appears, however, that, after the assessment was made, Adelaide A. Moore, as executrix of the will of Caroline McIntosh and sole devisee under her will, presented her petition, praying for a citation to the Register of Wills to show cause why the inheritance tax should be paid, and, after answer and replication, the case was heard and determined by the presiding judge. This practice is without precedent, and we can see no ground for departing from the usual procedure by which, in accordance with the terms of the act of assembly, any one not satisfied with the assessment takes his appeal directly therefrom to this court. However, all parties treated the case as though an appeal had been regularly taken, the presiding judge disposed of it as such, and we do the same; the practice, however, is not to be encouraged.

The exceptions are dismissed, the appeal from the appraisement is sustained and the record is remitted to the Register of Wills for proper action in the premises.

THOMPSON, J., did not sit.