## Leach's Estate.

*Transfer inheritance tax—Interest in partnership property passing under agreement to surviving partner—Act of June 20, 1919.*

Where an agreement of partnership expressly provides that certain firm property is to be held by the partners as "joint property and to become the property of the survivor," the interest of a deceased partner therein is not subject to the transfer inheritance tax imposed by the Act of June 20, 1919, P. L. 521.

Exceptions to decree of hearing judge dismissing appeal from assessment of transfer inheritance tax. O. C. Phila. Co., July T., 1922, No. 157.

*E. Spencer Miller,* for exceptions; *Abraham Berkowitz,* contra.

THOMPSON, J., April 17, 1924.—The exceptions before us are those of the executors of the estate of J. Granville Leach, deceased, to the decree of the hearing judge in dismissing their appeal from the decision of the Register of Wills "assessing transfer tax in $50 upon one-half of the Genealogical Library and manuscript."

The hearing judge found the facts to be as follows:

"Beginning about the year 1899, the decedent and his sister, May Atherton Leach, began the formation of a Genealogical Library for use in connection with an organization which they established, known as the American Genealogical Company. It was agreed between them at that time that whatever might be acquired and added to the library by purchase, gift or otherwise, should belong to both of them, and upon the death of either of them should be the sole property of the survivor. At the time of the decedent's death the library consisted of books, manuscripts, letters, etc., some acquired by gift and some by purchase; as to those acquired by purchase, it is in evidence that the contributions for that purpose were made about equally by the decedent and Miss Leach, except in one instance, when an expensive purchase was made by Miss Leach alone. A large part of the collection consists of quarterly magazines published by historical societies of which the decedent and Miss Leach were members, the magazines thus received being bound and placed in the library, which was housed in the residence of the decedent and his sister at No. 2118 Spruce Street, Philadelphia.

"That the decedent and Miss Leach were equally interested in the library there can be no doubt; apart from her testimony to that effect, we have the testimony of two of the decedent's children, both of whom are interested in his estate, and, therefore, testified against their own interests; we have also the provision in the testator's will in which he says:

" 'Ninth. Many years ago I formed a copartnership with the said Miss May Atherton Leach for the purpose of conducting genealogical researches, which business we have carried on to the present time. We have from time to time purchased genealogical and historical works, and have gathered much genealogical data, all of which books and manuscripts, upon my decease, will become the property of the said Miss Leach, under our partnership agreement, which provided that our library and collections were to be our joint property and become the property of the survivor.'

"The testator's executors, well knowing of the arrangement referred to, did not have the library appraised as part of the testator's estate; but the appraisers of the Commonwealth, for the purpose of assessing inheritance tax against the estate, valued the library at $1000, and on the theory that the decedent had a one-half interest therein which passed to his sister, appraised his interest at $500, assessing a tax thereon at the rate of 10 per cent., or $50, and it is from this assessment that the present appeal was taken."

4 D. & C.

From the above facts the hearing judge concludes that "whatever interest he had in the library passed upon his death to Miss Leach, and is subject to the payment of an inheritance tax to the Commonwealth," and in so ruling we are of the opinion that the hearing judge was in error, in that he misconceived the legal status of the testator and his sister. It does not appear that the business carried on by the testator and his sister had any other asset than the library in question, which they owned as joint tenants, in that there was a unity of interest, title, time and possession: 1 Sharswood's Blackstone's Comm., 180. One of the incidents of joint tenancy is the right of survivorship, and while this has been abolished in this State by the Act of March 31, 1812, 5 Sm. Laws, 395, it can be created by agreement of the parties.

In Redemptorist Fathers v. Lawler, 205 Pa. 24, Mr. Justice Mitchell, in commenting upon the above act, says:

"The Act of March 31, 1812, 5 Sm. Laws, 395, expressly abolished the right of survivorship as an incident of joint tenancy, and provided that 'whatever kind the estate or thing holden be, the parts of those who die first . . . shall be considered . . . in the same manner as if such deceased joint tenants had been tenants in common.'

"But it is not forbidden by this act, nor made illegal in any way, to create by grant or devise an estate with the same attribute of survivorship as joint tenancy at common law. Thus a grant to three for their joint lives, with remainders to the survivors and survivor, and to the heirs of the survivor in fee, would be unquestionably good, and yet it would be practically a grant to the three in joint tenancy with survivorship as at common law. This was substantially the case of Arnold v. Jack's Executors, 24 Pa. 57, and it was there held, that though survivorship as an incident of joint tenancy has been abolished, it may still be created or conferred by express words in a deed or will. See, also, Kerr v. Verner, 66 Pa. 326, and Jones v. Cable, 114 Pa. 586.

"Survivorship as an incident of an estate granted being still lawful, its creation becomes a question of intent. No particular form of words is required, further than that they shall be sufficient to clearly express an intent in order to overcome the presumption arising from the statute."

It will thus be seen that the right of survivorship so created is not the same survivorship that was incident to a joint tenancy, but was survivorship by contract. A joint tenancy can be severed in several ways, and when so severed, the right of survivorship is gone, but this is not the case where survivorship is created by contract.

Tax laws are strictly construed, and where the estate was vested prior to the passage of the act, it has been held that no tax can be collected thereon: Shwab v. Doyle, 258 U. S. 529.

When testator died, nothing passed to his sister by his death. Her interest in the library became absolute by virtue of their agreement that the survivor should be sole owner thereof, and under the agreement existing between the testator and his sister, the death of the testator merely extinguished his rights in the library.

In Houston's Estate, 276 Pa. 330, the Supreme Court adopted the language of this court as follows: "Nor can it be successfully argued that the tax is not on the transfer of title to the property, but on the transfer of enjoyment, for, as it seems to us, the act means by this the right of enjoyment, and this was vested under the deed. If the tax is imposed when enjoyment is perfected by actual possession, and this theory is carried to its logical conclusion, it would seem that if, during the administration of an estate, delays occur, as

Leach's Estate.

they necessarily must, and if, before actual distribution is made, the rate of taxation is changed, a legacy would be taxed at the changed rate, which would appear to be a *reductio ad absurdum.*"

In Dolan's Estate, 3 D. & C. 264, affirmed by the Supreme Court in an opinion filed March 10, 1924 [279 Pa. 582], it was held that where a donor by deed of trust conveyed her property to trustees, reserving a power of revocation, the property was not subject to transfer inheritance tax at her death, on the ground that the transaction was completed in her lifetime, and that her death merely extinguished the power of revocation, the property passing under the terms of the original grant.

For the reasons above given, we are of the opinion that the interest of the testator in the Genealogical Library and manuscripts is not subject to transfer inheritance tax; the exceptions filed by the executors of the estate of J. Granville Leach, deceased, to the decree of the hearing judge are sustained, and the appeal of said executors from the decision of the Register in assessing said tax is sustained and the record remitted.

NOTE.—Compare Carr's Estate, 30 Dist. R. 481; Dick's Estate, 30 Dist. R. 839, 273 Pa. 69.