## McIntosh's Estate.

*Taxation—Inheritance tax—Conveyance to avoid tax—Joint tenancy—Severance—Revocation—Acts of June 20, 1919, P. L. 521, and May 4, 1921, P. L. 341.*

1. Where an aunt and niece, living together and each owning real estate, convey the same to a third person to be reconveyed to them as joint tenants with the right of survivorship, and the aunt dies after such reconveyance, the interest of the aunt in the real estate passing under her deed, is not taxable under the Transfer Inheritance Tax Acts of June 20, 1919, P. L. 521, and May 4, 1921, P. L. 341, as a transfer of property by deed made or intended to take effect in possession or in enjoyment at or after death.

2. In such case it cannot be argued that the aunt did not part with her title by her deed because she might have severed the joint tenancy during her life.

3. The right to sever the joint tenancy is not to be treated as property, but is analogous to the right of revocation.

Argued April 19, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 143, Jan. T., 1927, by Commonwealth, from decree of O. C. Phila. Co., April T., 1926, No. 1276, dismissing exceptions to adjudication, in estate of Caroline McIntosh. Affirmed.

Exceptions to adjudication of LAMORELLE, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by GEST, J. Commonwealth appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Charles S. Schofield,* with him *Thomas J. Baldrige,* Attorney-General, for appellant, cited: Reish v. Com., 160 Pa. 521; Redemptorist Fathers v. Lawler, 205 Pa. 24; Davidson v. Heydon, 2 Yates 495; Simpson v. Ammons, 1 Binn. 175; Dolan's Est., 279 Pa. 582; Leach's Est., 282 Pa. 545.

*Joseph J. Dudley,* for appellee, cited: Arnold v. Jack, 24 Pa. 57; Leach's Est., 282 Pa. 545; Dolan's Est., 279 Pa. 582; Houston's Est., 276 Pa. 330.

PER CURIAM, May 9, 1927:

The Commonwealth, as appellant, states the following question involved: "Two collateral relatives [an aunt, Caroline McIntosh, and a niece, Adelaide A. Moore, who had lived together as one family for many years], each owning real estate, convey the same to a third person for the purpose of having it reconveyed to them as joint tenants with the right of survivorship;

[the reconveyance takes place], and [the aunt] dies, the survivor thereby becoming seized of the whole of the said real estate. Is the interest of the decedent in the said real estate, so passing, taxable under the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended by the Act of May 4, 1921, P. L. 341, as a 'transfer of property......by deed......made or intended to take effect in possession or in enjoyment at or after such death' as provided in section 1, clause C, of the said act?"

In disposing of the above question, the court below correctly said: "The transfer here sought to be taxed is manifestly neither by will nor by the intestate laws, and it is not claimed, nor could it be claimed under the testimony, that it was made in contemplation of death, as to which see Spangler's Est., 281 Pa. 118. The judge who presided at the hearing, citing among other cases Leach's Est., 4 Pa. D. & C. 392, [affirmed in] 282 Pa. 545, held that Adelaide A. Moore, the survivor of the joint tenants, became the owner of the property by virtue of the deed which was effective at this date and not at the date of the decedent's death. There was, in other words, no taxable transfer from the decedent to Adelaide A. Moore, intended to take effect in possession or enjoyment at or after the death of Caroline McIntosh. The fact is that nothing passed from Caroline McIntosh to Adelaide A. Moore at the former's death. What right or interest she had up to that time then ceased to exist; it evaporated; there was nothing in her that could pass from her to any one else. The learned counsel for the Commonwealth argued that the decedent did not part with her title, because she might have severed the joint tenancy during her life, and her interest was also, during her life, subject to levy and execution: Davidson v. Heydon, 2 Yeates 459. Even if this be admitted, the answer ......is......that the right to sever the tenancy is not to be treated as property, but is analogous to the right of revocation: Leach's Est., 282 Pa. 545. This [last-mentioned] case, in principle, rules the present one."

The order appealed from is affirmed.