## Baker's Estate

The facts appear from the opinion of

HENDERSON, J., Hearing Judge.—The facts relating to this appeal are undisputed and will be found in a stipulation of counsel annexed hereto.

Briefly and essentially they are as follows: Under an agreement dated July 28, 1927, the appellant and her sister, Gertrude Ludwig Baker, each conveyed to the other certain assets to be thereafter held jointly by them, and upon the death of either party all such assets, "together with any securities that may

be added thereto from time to time by either of the parties, as well as any balance on deposit in said joint account, shall pass to the survivor as the absolute property of such survivor, free and clear of any claims of the estate of the one so dying, all of which claims are hereby waived by the party of the first part or the party of the second part, as the case may be, on behalf of their respective estates."

At that time the assets contributed by this decedent were valued at $20,107.19; she died a resident of Philadelphia on November 30, 1930. The appraiser for the Commonwealth assessed a transfer inheritance tax at the rate of ten per cent. on a valuation of $24,626.82, in the sum of $2462.68 on the assets held under this agreement and contributed by this decedent, by virtue of clause (e) of section one of the Act of May 16, 1929, P. L. 1795, amending section one of the Act of June 20, 1919, P. L. 521, which provides as follows:

"(e) Whenever any property, real or personal, is held in the joint names of two or more persons, except as tenants by the entirety, or is deposited in banks or other institutions or depositories in the joint names of two or more persons, except as husband and wife, and payable to either or the survivor upon the death of one of such persons, the right of the surviving person or persons entitled to the immediate ownership or possession and enjoyment of such property shall be deemed, prima facie, a transfer of one-half, or other proper fraction thereof, taxable under the provisions of this act, in the same manner as though this part of the property to which such transfer relates belonged to joint tenants or joint depositors as tenants in common, and had been bequeathed or devised to the surviving person or persons by such deceased joint tenant or joint depositor by will."

From the tax so levied this appeal has been taken. The question is: Can the Commonwealth, under the Act of May 16, 1929, levy a transfer inheritance tax on the property thus held by Helen Josephine Dunn as if it had passed to her from this decedent and on her death?

It should be stated that there is no claim that this transfer was made in special contemplation of death.

At the date of this agreement, July, 1927, such an estate was not subject to tax: Leach's Estate, 282 Pa. 545 (1925), and McIntosh's Estate, 289 Pa. 509 (1927).

The appellant's rights in these assets were vested, subject to be defeated only in case of her death prior to that of the decedent.

It was perfectly competent for the Commonwealth to tax the interest thus acquired by Helen Josephine Dunn. No such tax was enacted prior to July, 1927. The act lays a tax on property so acquired "in the same manner as though this part of the property to which such transfer relates belonged to joint tenants or joint depositors as tenants in common, and had been bequeathed or devised to the surviving person or persons by such deceased joint tenant or joint depositor by will."

What the legislature has done is to say that property passing by contract, as in the instant case, shall be regarded in law as a bequest or devise from the deceased joint tenant to the survivor. So far as this contract is concerned, this act would write into it a new rule of property which would impair its obligation. The new rule would attempt to say that Miss Dunn's vested interest under the contract was a mere bequest. Such legislation is beyond the power of the legislature.

In Swartz v. Carlisle Borough, 237 Pa. 473, it is said:

"It is settled law in Pennsylvania that the legislature has the power to legislate retrospectively on all matters, not penal, nor in violation of contracts, not

expressly forbidden by the Constitution." See, also, Weister *v.* Hade, 52 Pa. 474, and Towanda Borough *v.* Fell, 69 Pa. Superior Ct. 468.

It may be, although not involved in the instant case, that the legislature is competent to write such new rule of property in such contracts and tax them under the act, but I do not pass on that question. The question arises in the prospective application of the act.

The Commonwealth has cited McKelway's Estate, 221 N. Y. 15. That case is not in point because in New York estates by entireties in personal property do not exist. The rights in the instant case do not pass to the survivor by succession but by reason of the contract of 1927.

The appeal from the register is sustained, the tax levied is set aside and the record is remitted to the register.

*William M. Boenning*, for exceptant; *Raymond M. Remick*, contra.

VAN DUSEN, J., June 7, 1932.—As the law stood in 1927 when the joint tenancy was created, there was no tax upon the transaction. It was considered that title passed at the time of the agreement and not at the time of death; and there was no tax upon the beginning of enjoyment: Act of June 20, 1919, P. L. 521; Leach's Estate, 282 Pa. 545; McIntosh's Estate, 289 Pa. 509. The amendment of May 16, 1929, P. L. 1795, provides that "the right of the surviving person or persons entitled to the immediate ownership or possession and enjoyment of such property shall be deemed, prima facie, a transfer . . . thereof," taxable as though such transfer was by bequest to the survivor. We take this to mean that the accrual of the right of enjoyment shall be deemed a transfer by bequest.

Whether it was competent for the legislature to levy a tax upon the beginning of enjoyment, where the right to enjoyment was acquired before the act was passed, we need not decide. Certainly such a retroactive effect should not be given to a taxing statute unless expressly so stated: Oliver's Estate, 273 Pa. 400; Barber's Estate, 304 Pa. 235. We find no such expression in the Act of 1929.

The exceptions are dismissed, the appeal from the register sustained, the tax levied is set aside and the record is remitted to the register.