## Angier et al., Appellants, *v.* Worrell

Argued January 13, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Albert J. Williams,* for appellants.

*Ralph L. Lindenmuth,* with him *Charles H. Heidmann,* of *van Roden & Lindenmuth,* and *George P. Williams, Jr.,* of *Orr, Hall & Williams,* for appellee.

OPINION BY MR. JUSTICE PARKER, March 22, 1943:

Plaintiffs brought this action in equity to set aside conveyances by William H. Worrell to his daughter, the defendant, as a fraud on creditors. The court below dismissed the bill and plaintiffs have appealed. As appellants have not assigned as error any of the findings of fact by the chancellor, a pure question of statutory construction is all that is here involved.

The father, through the intervention of a third party, on January 2, 1936, placed the title to all his real and personal property in himself and his daughter, the defendant, as joint tenants with right of survivorship and not as tenants in common. At that time the father's only indebtedness was evidenced and secured by a bond and mortgage for $18,000 on one of the parcels of real estate so conveyed. The value of the mortgaged premises was less than the amount of the bond. The father died about four years later and the entire estate in the real

and personal property so conveyed vested in his daughter as survivor: *Leach's Estate,* 282 Pa. 545, 549, 128 A. 497; *Mardis v. Steen,* 293 Pa. 13, 16, 141 A. 629.

The chancellor found that there was no "fair consideration" (as the expression is defined by §3 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045 [39 PS §363]) for the conveyance to the daughter, that neither father nor daughter had "any actual intent to hinder, delay or defraud any present or future creditors of the said William H. Worrell" but only to reward the daughter for voluntary services rendered to the father, past and future, that the value of the half interest remaining in the father as a joint tenant exceeded his indebtedness by $1,150, and that as a consequence he was not insolvent or rendered insolvent at the time he made the conveyances.

In arriving at the fair value of William H. Worrell's estate on January 2, 1936, the chancellor assumed that the real estate of the joint tenant was liable under our decisions to levy and execution for his debts. The court was correct in this respect for it is well settled in this state that a joint tenancy with right of survivorship is severable by the action, voluntary or involuntary, of either of the parties: *Davidson v. Heydon,* 2 Yeates 459; *American Oil Co. v. Falconer,* 136 Pa. Superior Ct. 598, 604, 8 A. 2d 418.

The appellants in their argument in this court rely exclusively upon §4 of the Fraudulent Conveyance Act (39 PS §354) which is as follows: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration." In other words, they ground their claim on legal fraud rather than on actual fraud covered by §7 of the act. As appellants are depending solely on §4, then by the very words of the section the question of actual intent to defraud drops out of the

case: *Raub Supply Co. v. Brandt,* 323 Pa. 119, 123, 186 A. 751. The action of the grantor might be legally fraudulent without any actual intent to defraud. It therefore becomes necessary to determine the meaning of that section.

The appellants argue that §4 should be read as if it said that a conveyance without fair consideration should be considered fraudulent if the debtor "is rendered insolvent or will be thereby rendered insolvent" at the time the conveyance is made or in the future. This, however, is a contortion of the plain meaning of the statute. It would eliminate the clearest indication of fraud, to wit, actual insolvency before the conveyance is made, thus confining its scope to insolvency created by the conveyance and enlarging the time when insolvency is to be determined by including future as well as present insolvency. That contention not only does violence to the plain words of the statute, but is out of harmony with well settled principles applicable to fraudulent conveyances.

In construing Statute 13 Elizabeth Chapter 5, Robert's Digest 295, it has never been held that in the absence of actual fraudulent intent a conveyance without consideration while solvent was rendered fraudulent by the grantor's subsequent insolvency. In construing §4 of the Fraudulent Conveyance Act, we have uniformly held that the insolvency is to be determined as of the time of the conveyance: *Peoples Sav. & Dime Bk. & T. Co. v. Scott,* 303 Pa. 294, 297, 154 A. 489; *Ferguson v. Jack,* 339 Pa. 166, 168, 14 A. 2d 74; *Hart, Schaffner & Marx v. Koch,* 107 Pa. Superior Ct. 528, 530, 164 A. 369. If the construction of this section were broadened, as appellants urge us to do, it would void all sales made without fair consideration although the creditor was solvent when the conveyance was made but subsequently became insolvent, at least to the extent that the conveyance contributed to the insolvency.

We deem the meaning of the section to be clear and to refer to insolvency immediately before or present

insolvency after the conveyance as affected by it. This construction is supported by other sections of the act. It is specifically provided by §2 (39 PS §352) that a person is insolvent "when the *present,* fair, salable value of his assets is less than the amount that will be required to pay his probable liability on his *existing debts* as they become absolute and matured." (Italics supplied.) This is plain language.

Summarizing our conclusions, we have a situation where a conveyance was made without a fair consideration but the grantor was solvent immediately after the conveyance. He was the owner of property liable to execution and sale and during the remaining four years of his life his creditors could have collected their claim. By §1 (39 PS §351), " 'assets' of a debtor means property not exempt from liability for his debts." While he became insolvent at the time of his death, during the interim his assets were not less than sufficient to meet his obligations and, if the daughter had predeceased him, his assets would have been more than doubled. He was not insolvent either before or immediately after the conveyance as affected by it. Consequently the decree of the court below was correct.

We might add that this being a uniform statute, our conclusions are in harmony with those reached in *Splaine v. Morrissey,* 282 Mass. 217, 184 N. E. 670; *Miller v. Lange,* 290 N. W. 618, 620. It will be noted, however, that the Massachusetts case went farther than we are obliged to go. By reference to the Massachusetts case we do not mean to intimate that if the debtor had created an estate by entireties instead of a joint tenancy with right of survivorship the conclusion reached would be the same.

The decree of the court below is affirmed at the costs of the appellants.