## Hoffert v. Bastian et al.

*Gernerd, Helwig & Gernerd,* for plaintiff.

*Kline & Kline* and *Snyder, Wert & Wilcox,* for defendants.

HENNINGER, P. J., January 8, 1945.—This is a petition for a declaratory judgment to determine whether plaintiff, Lillian M. Hoffert, is the sole owner in fee simple of premises 1309 Chew Street, Allentown, Pa., or whether the Estate of Laura T. Schwoyer owns a half interest therein. In the caption of the action, the executors alone are listed as defendants, but the notice required by section 2 of the Act of May 22, 1935, P. L. 228, as amended, 12 PS §848, named all of the legatees under the will of Laura T. Schwoyer, and plaintiff herself is the residuary legatee and devisee therein.

The petition avers that on December 21, 1932, William E. Hoffert conveyed said premises to Laura T. Schwoyer and Lillian M. Gernerd (now Lillian M. Hoffert) "as tenants by the entireties with the right of survivorship"; that Lillian M. Hoffert is the daughter and surviving heir of Laura T. Schwoyer; that Laura T. Schwoyer died August 5, 1944, having first made her will dated April 5, 1944, in which she directed her exec-

utors to sell her one-half interest in premises 1309 Chew Street, Allentown, Pa., and to pay J. H. Romig Company for a tombstone, Clinton L. A. Schmoyer for undertaking services, to provide $250 for maintenance of her cemetery lot, to pay Mentz Mathisen for services rendered her, to make a money payment of $200 to Cora Frey, and giving the remainder to her daughter, Lillian M. Hoffert; that there is not sufficient personal property in the Laura T. Schwoyer Estate to pay her funeral expenses and that petitioner has been informed that her rights as survivor are uncertain and praying for declaratory judgment.

The executors filed an answer, admitting all of the allegations of fact in plaintiff's petition but denying the legal effect claimed. Mathisen filed a more elaborate answer, admitting all of the material facts and stating further that decedent was the sole owner of the property in question prior to December 21, 1932, and that she had remained in uncontrolled and undisputed possession thereof continuously to the date of her death. Neither of these respondents demanded a jury trial and none of the other parties answered plaintiff's petition.

Plaintiff thereupon placed this case upon the argument list, presumably upon the theory that (under section 3 of said act, 12 PS §849) as to those who did not respond, the facts are admitted and the court decides whether or not plaintiff is entitled to the judgment asked. So far as the other respondents are concerned, we treat the matter as though coming to us for disposition of a rule for judgment for want of a sufficient answer or for judgment on the pleadings. So far as Mathisen is concerned and, therefore, as to all defendants, we must consider as facts in the case the new matter introduced by his answer and we must eliminate from consideration the allegations in the petition which are denied by him, insofar as they are relevant to the real issue in the case.

Decedent in her will recognizes the existence, if not the legal effect, of the 1932 conveyance by her to Hoffert and by him back to herself and daughter for, although decedent continued to reside in the home and to exercise uncontrolled dominion over it, she did not then pretend to have more than a one-half interest therein.

Plaintiff contends that the deed of Hoffert to her mother and herself created in them a joint tenancy with the right of survivorship, which subsisted until her mother's death, whereupon she became sole owner of the property.

Defendant contends: (1) That the deed does not contain apt language for the creation of a joint tenancy with the right of survivorship, and (2) that if it did, there was a severance of the title either by the execution of the will by decedent or by the existence of valid claims against the estate.

We could rest our decision as to the first phase of the controversy upon our recent opinion in Gotthardt v. Peters, 20 Leh. 80, in which we held that a deed to two individuals not husband and wife, as "tenants by survivorship", created a joint tenancy with the right of survivorship and that the survivor was the sole owner thereof in fee simple. While that case arose upon a case stated to which the heirs of the other joint tenant were not made parties, all that is said there applies equally to this case. We have restudied the authorities cited in that case and feel that they amply support that decision.

The primary rule of interpretation of instruments is the intention of the parties: Kerr et al. v. Verner, 66 Pa. 326, 329; McCallum's Estate, 211 Pa. 205, 208. We have not the slightest hesitation in concluding that Laura T. Schwoyer in conveying to Hoffert and in having Hoffert reconvey to herself and plaintiff as tenants by the entireties with the right of survivorship, intended to create a joint tenancy, to which was coupled the attribute of survivorship which otherwise would

have been destroyed by the Act of March 31, 1812, P. L. 259, 20 PS §121.

"Tenancy by the entireties" is a term familiar to the layman (Madden et al. v. Gosztonyi S. & T. Co., 331 Pa. 476, 480) who frequently is not aware that it can exist only between husband and wife. What the layman does know of the tenancy described by that term and what he wants to have accomplished by the use of that tenancy is to have the survivor of the tenants take full title to the entire property without further formality, without liability for the debts of the one first dying and, what is often uppermost in his mind, free of inheritance tax. The term "tenancy by entireties" is of course inoperative in this deed because grantees are mother and daughter and not husband and wife, but its use in connection with the operative words "with the right of survivorship" confirms us in our decision that it was the intention of the parties to create a joint tenancy, with the passage of title to the survivor upon the death of the other.

Such an estate is recognized by our courts and when properly created, passes to the survivor: Arnold v. Jack's Executors, 24 Pa. 57, 61; Leach's Estate, 282 Pa. 545, 549; McIntosh's Estate, 289 Pa. 509, 511; Lowry's Estate, 314 Pa. 518, 520; Angier et al. v. Worrell, 346 Pa. 450.

A more difficult problem is that of the severance of the joint tenancy during the lifetime of the joint tenants. Our Supreme Court has reiterated in very recent opinions (Angier et al. v. Worrell, supra, page 452; American Oil Co. v. Falconer et al., 136 Pa. Superior Ct. 598, based upon two very early Pennsylvania cases, Davidson's Lessee v. Heydon, 2 Yeates 459, and Simpson's Lessee v. Ammons et al., 1 Binn. 175) that a joint tenancy is severable upon the voluntary or involuntary conveyance or seizure of the interest of either tenant and that upon such severance the joint tenancy is turned into a tenancy in common.

In the Simpson case, supra, a mortgage by one of the joint tenants accomplished this purpose; in the Davidson case, an assignment for the benefit of creditors; in the American Oil case, supra, an attachment execution. It would, of course, follow that a joint tenancy would be severed by a voluntary sale or conveyance of the premises.

Defendant Mathisen urges upon us two methods of severance: (1) Direction to the executors to sell decedent's one-half interest and to distribute the proceeds to named persons, and (2) creation of a debt to him as a charge thereon.

Both of these alleged severances, however, depend upon the operation of decedent's will and are inoperative because, as stated by 2 Blackstone 653, §185:

"But a devise of one's share by will is no severance of the jointure for no testament takes effect till after the death of the testator, and by such death the right of the survivor (which accrued at the original creation of the estate, and has therefore a priority to the other) is already vested."

Counsel have furnished no cases in support of their proposition that a devise by one joint tenant will produce a severance of the joint tenancy. Furthermore, all of the principles upon which Blackstone's pronouncement is based are recognized by our law, namely: (1) That a will cannot take effect until the death of the testator, for which we need cite no cases; (2) that the rights of joint tenants accrue from the inception of the estate (see cases cited above), and (3) that upon the death of the first tenant, the rights of the survivor are already vested (same cases). Besides we have the case of Duncan et ux. v. Forrer, 6 Binn. 193, 196, which flatly decides the point that a joint tenancy cannot be severed by devise. We quote the language of Justice Yeates (p. 197):

"The distinguishing feature of joint tenancy is, that it disqualifies the party from devising his interest.

3 Burr. 1496. He holds under the original grant merely; and unless the joint-tenancy is severed *during his life*, the *jus accrescendi* arises as an inevitable consequence from the nature of the estate."

The argument of severance through the existence of or acknowledgment of a debt scarcely deserves mention. Certainly nothing less than the existence of a judgment or, more likely, the issuance of an execution (Davidson's Lessee v. Heydon, supra) can operate as a severance of a joint tenancy. The exact question was not raised, but it seems clear from the spirit of Angier et al. v. Worrell, supra, that while creditors during the lifetime of a joint tenant could have produced a severance by reducing their claims to judgment and attaching his interest in the property so held, nevertheless the mere existence of such claims did not produce a severance, although by reason of the operation of the jus accrescendi, upon his death, to the other joint tenant, his estate became insolvent.

We are informed that the half interest in the premises claimed by decedent—and her claim made 12 years after the conveyance is, in our opinion, of little, if any, evidential value in determining her intention at the time of the original conveyance—is the only asset available for her burial and the marking and care of her grave. That fact can have no bearing upon our adjudication of property rights. Suffice it to say that plaintiff has at least a moral obligation toward her deceased mother and benefactress and, as regards some of the items, a legal obligation as well.

We have imposed costs upon plaintiff, because the action was instituted for her benefit and because the main defendant is a fiduciary, who might not otherwise have questioned her title.