## Kuehn v. Zeimet

*Paul A. McGinley*, for plaintiff.
*James C. Lanshe*, for defendant.

KOCH, J., August 29, 1961.—Plaintiff filed an amended complaint in equity averring that she and defendant, her son-in-law, hold real estate situate at 247-53 South Sixth Street, Allentown, Lehigh County, Pa., as joint tenants with the right of survivorship. A decree of partition is prayed for and also that the

shares to which the respective parties are entitled be set out to them in severalty, and that if the real estate cannot be divided without prejudice to or spoiling the whole, such proper and necessary sale of the same be made by such persons and in such manner as the court may direct.

The answer admits that the real estate is presently vested in plaintiff and defendant as joint tenants with the right of survivorship and not as tenants in common, and in paragraph 9 avers: ". . . the said real estate was bought for a special purpose, as a family home for all parties, and that it was orally agreed between all of the purchasers as of the date of taking of title to the said premises that the same should be occupied by them as a family home, until there was but one survivor". . . .

It is conceded that the deed in question vests title in the parties as joint tenants with the right of survivorship. Partition is consequently available as a remedy to plaintiff to sever the joint tenancy: Angier v. Worrell, 346 Pa. 450; American Oil Co. v. Falconer, 136 Pa. Superior Ct. 598. The practice and procedure for such actions is now governed by Pa. R. C. P. 1551-1591. Sheridan v. Lucey, 395 Pa. 306, cited by defendant, does not rule out partition. The decision in that case was that, where one who is a joint tenant with right of survivorship institutes an action to partition real estate and thereafter dies before judgment has been entered by the court, the surviving joint tenant becomes sole owner of the property. It is obvious that such is not the situation before us.

Since the right to bring partition of the real estate in question is an incident of joint ownership, the question arises whether evidence is admissible to demonstrate that there was an oral agreement, as alleged in paragraph 9 of the answer, that it was purchased for a special purpose, as a family home for all parties, and

that it was orally agreed between all of the purchasers, as of the date of taking of title to the said premises, that the same should be occupied by them as a family home, until there was but one survivor. At hearing we permitted this testimony, subject to the objection of plaintiff, that this constituted a violation of the parol evidence rule.

We now hold that such evidence was not admissible. The parol evidence rule, as it applies to deeds of conveyance, bars such testimony in the absence of any allegation of fraud, accident, or mistake. Underlying this rule is the obvious principle that a deed of conveyance, being the last act of the parties with reference to the transfer of realty, supersedes all prior negotiations or agreements whether written or oral, which are in any manner contradictory to it: 2 Henry Pa. Evid., Application to Particular Writings, 4th Ed., §624.

The language of the deed is clear and unambiguous, and the intent of the parties must be gleaned solely from its language: Teacher v. Kijurina, 365 Pa. 480, 486. We observe that if it had been the intent to use the realty as a family home until there was but one survivor, and thus deny a joint tenant of the valuable right of partition, it would have been a simple procedure to insert a limiting clause in the deed or execute an independent agreement in writing. . . .

Defendant relies heavily upon Duffy v. Duffy, 81 D. & C. 366, where Judge Dannehower of Montgomery County dismissed a complaint in partition. In that decision oral testimony was allowed under the broad principle set forth in 20 Am. Jur. Evidence, §1125, to the effect that the parol evidence rule does not apply where it is sought to establish the true relation of parties to a contract. That principle, however, is applicable only when not in conflict with the express terms of a contract and is usually applicable where the contest is between parties who are the obligors on a con-

tract as to relative liability: 20 Am. Jur., Evidence, §1125. In the case at bar the oral testimony seeks to add to and vary one of the rights, that of partition, flowing from the joint tenancy.

We have examined Coleman v. Coleman, 19 Pa. 100, and Latshaw's Appeal, 122 Pa. 142. Neither of these cases can be regarded as ruling the issue before us. In Coleman there was a written agreement by the parties which was held to bar partition, and in Latshaw partition was denied where land was purchased by five congregations composing a ministerial charge in the Evangelical Lutheran Church, for a parsonage for their joint benefit. The court held that the use, that of a parsonage, entered into the consideration of the contract by which it was created, and that one of the tenants in common could not defeat the joint purpose. The opinion of Mr. Chief Justice Gordon indicates that the deed itself showed a purchase for a *charitable use* and that the oral evidence in support of that use was abundantly shown.

We conclude that plaintiff is entitled to a decree directing partition. . . .

Now, August 29, 1961, it is ordered, adjudged and decreed that partition be made of real estate known as 2447, 2449, 2451, and 2453 South Sixth Street, Allentown, Lehigh County, Pennsylvania, as more specifically described in plaintiff's complaint, among the parties therein named, in proportion to their respective interests therein, as follows: To Laura M. Kuehn, one-half share; to Vincent M. Zeimet, one-half share.