## Buchanan Estate

*Victor J. Roberts, Walton Coates, High, Swartz, Roberts and Seidel,* for accountant.

*Charles Wharton Smith,* for Commonwealth.

*David N. Brook, Miller, Harwitz & Brandschain,* for objectors.

TAXIS, P. J., July 8, 1968.—The major issue here . . . is raised by the contention of the Commonwealth that a certain conveyance made in 1951 by decedent to herself, and to Lincoln K. P. Buchanan and his wife with right of survivorship, should be declared null and void. Decedent and Lincoln K. P. Buchanan, at the time a singleman, acquired the 40-acre tract in question as tenants in common in 1946. On April 19, 1951, decedent, her son, Lincoln K. P. Buchanan and his wife conveyed the property to a straw party who in turn immediately reconveyed the tract to the same persons with right of survivorship and not as tenants in common, the deed further reciting that decedent held one moiety and Lincoln K. P. Buchanan and wife, as tenants by the entireties, held the other moiety, with survivorship as between moieties. The record indicates that decedent at that time expressed her desire that the ownership of her home remain in her family and go ultimately to her son and his wife, who were the parties closest to her. The deeds were prepared by Victor J. Roberts, Esq., after study of the applicable law; indeed, he had first proposed a simple survivorship deed with the three named parties each holding a one-third interest, but when decedent expressed dissatisfaction with this arrangement, the deeds as ultimately executed were prepared. There was a stated consideration of one dollar for the conveyances, and neither side contends that there was any other substantial consideration passing to decedent in the transactions.

It is the contention of the Commonwealth that this transfer violated both section 4 and section 7 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §354, 39 PS §357. Section 4 states,

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the

obligation is incurred without a fair consideration".

This is socalled "legal" fraud. The problem with this contention, as pointed out by counsel for the estate, is that decedent was not insolvent when the conveyance was made and did not render herself insolvent by it. She did not, even in form, place her interest in the real estate beyond the reach of creditors. While no severance of a tenancy by the entireties can occur without the consent of or action against both tenants, in a joint tenancy with right of survivorship between other persons any one tenant can voluntarily sever the tenancy, and the creditor of any one tenant may involuntarily sever it by execution: Angier v. Worrell, 346 Pa. 450. In terms of net worth subject to creditors' claims, the financial status of decedent was exactly the same after the conveyance as it was before; the record indicates that she was solvent and remained so, as her interest in the real estate in question remained an asset of hers, and continued to be subject to the claims of her creditors. Therefore, the argument of the Commonwealth under section 4 cannot be sustained.

Section 7 of the act, supra, provides;

"Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors".

This is socalled "actual" fraud. In this connection, the record is silent as to any facts from which this court could reasonably find that there was any intent on decedent's part to hinder, delay or defraud creditors when she made the conveyances in question. Under certain circumstances, the absence of substantial consideration alone has been held sufficient to make a transaction presumptively fraudulent: Cole-Knox Mortgage Co. v. McGaffin, 182 Pa. Superior Ct. 610; and it is also true that subsequent as well as contem-

poraneous circumstances, if relevant, may be considered in determining whether a conveyance was made with actual fraudulent intent: Iscovitz v. Filderman, 334 Pa. 585. But, such expressed intent and actions of decedent as have been preserved by the memories of the witnesses indicate that she was motivated only by consideration and love for the son and daughter-in-law who resided with her and who looked after her needs. It is a fair inference from the testimony that she felt that the ordinary needs of E. Peirce Buchanan were being cared for, and would continue to be cared for, by the Commonwealth without cost to her. Her action in creating a life income trust in her will for the "extraordinary" needs of E. Peirce Buchanan is illustrative of her thoughts on this point. And as a precedent for the conveyance under consideration, she and her son had acquired another small tract of land, in 1949, as joint tenants with right of survivorship. The Commonwealth argues that when decedent conveyed a major part of her assets without substantial consideration in such a way that, 13 years later, her estate turned out to be insolvent, this supplies evidence of an intent to hinder, delay and defraud creditors; but this point is expressly decided to the contrary by Angier v. Worrell, supra, where, like the present case, the conveyance represented the conversion of real estate from a nonsurvivorship to a survivorship form of tenancy. While the Angier case dealt only with section 4 of the act on its facts, it plainly holds that the time for determining whether a conveyance is a fraud or hindrance to creditors is when it is made, not subsequently after the intervention of other facts or circumstances. The court said, 346 Pa. 454:

"While he (decedent) became insolvent at the time of his death, during the interim his assets were not less than sufficient to meet his obligations and, if the daughter had predeceased him, his assets would have

been more than doubled. He was not insolvent either before or immediately after the conveyance as affected by it . . . "

Since neither contemporaneous acts or statements or subsequent circumstances, therefore, show actual fraud or hindrance of creditors, the prayer of the Commonwealth to nullify the conveyance in question must be refused. . . .

And now, July 8, 1968, this adjudication is confirmed nisi.