### In re Adrienne S. ANTHONY, Debtor.

**Bankruptcy No. 87–0064.**
**Motion No. 87–2106.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 30, 1987.

---

William J. Tarter, Urban Redevelopment Authority of Pittsburgh, Pittsburgh, Pa., for the Urban Redevelopment Authority.

Sara J. Klein, Neighborhood Legal Services Ass'n, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This matter commenced when the debtor applied to amend its Schedules A2, A3, B1 and B4. A creditor, the Urban Redevelopment Authority of Pittsburgh ("URA"), objects to the amendments as they effect Schedule B1 and B4. The debtor also moves to avoid the lien of the URA pursuant to 11 U.S.C. § 522(f).

The parties agree to the following facts. The case was filed on January 9, 1987. On the original Schedule B4, the debtor claimed an exemption in her residence of $7,500 pursuant to 11 U.S.C. § 522(d)(1). The residence was owned jointly with her mother, Anna E. Farrow, with rights of survivorship. At the time this case was filed, her mother, Anna E. Farrow, was seriously ill and subsequently died on August 24, 1987. The debtor originally scheduled the property as worth $19,500. The debtor now seeks to amend and value the property as $9,500. This value is disputed by the URA. The URA loan was for home improvement in the amount of $7,185. It has been reduced to judgment in state court at GD81–33034 and is now owed approximately $5,939.60.

The URA argues that when one of the parties in a joint tenancy with the right of survivorship files a bankruptcy petition, the joint tenancy is severed and becomes a tenancy in common. The URA relies upon *American Oil Co. v. Falconer,* 136 Pa.Super. 598, 8 A.2d 418 (1939) and *In re Estate of Larendon,* 439 Pa. 535, 266 A.2d 763, 766 (1970). These cases speak of severance when one joint tenant commits an act of alienation. An execution upon the property by a creditor of one of the joint owners is such an act of alienation under Pennsylvania law. The URA argues that filing a bankruptcy petition is also such an act of alienation.

The trustee has filed a Report of No Distribution. The filing of such a report is a determination that after the debtor's exemption is granted, the trustee finds no value in the assets available to distribute to unsecured creditors. However, secured creditors may have value and may pursue relief from stay to execute on their liens to obtain payment. This has not occurred before the petition was filed and is now stayed by 11 U.S.C. § 362.

If the legal argument of the URA is correct, upon filing the bankruptcy petition, the debtor's joint interest with rights of survivorship became only a one-half interest in common. Therefore, in bankruptcy, the debtor's liens could be avoided only in the debtor's one-half of the estate, not in the mother's one-half. The URA argues that the debtor has inherited her mother's one-half with the URA lien and other liens attached, because the URA argues that on the facts of this case the debtor has not inherited "by right of survivorship".

The debtor argues, using an entirely different theory. The debtor denies that the filing of a bankruptcy petition severs the joint tenancy with right of survivorship and argues that the mother's estate has become a part of the debtor's estate by survivorship as a matter of law. The debtor does not rely on 11 U.S.C. § 541(a)(5), which would clearly bring the mother's estate into the debtor's estate if the mother died within 180 days of the filing date:

Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

The debtor's mother died approximately 225 days after the petition was filed.

The debtor relies on 11 U.S.C. § 541(a)(7) to bring this future interest in property into the estate. The language of 11 U.S.C.

§ 541(a)(7) is quite broad and few cases have explored it:

> (7) any interest in property that the estate acquires after the commencement of the case.

We look to other parts of the Code to be informed. The broad language of 11 U.S. C. § 541(a)(1), "all legal or equitable interests of debtor in property as of the commencement of the case", is intended to be very inclusive. The debtor includes this "right to survivorship interest" in her estate and claims it as property of the estate.

Other sections of the Code also provide the trustee with broad rights and powers over the debtor's legal and equitable interest in property. 11 U.S.C. § 544. The trustee is empowered to use, sell or lease property of the debtor and that of a co-owner, 11 U.S.C. § 363(h), such as undivided interest as a tenant in common, joint tenant or tenant by entirety. The trustee is permitted to sell only if partition is impractical, if sale of the total would produce significantly more than the parts, and if the benefits to the estate outweigh the detriment to co-owners. The language of 11 U.S.C. § 363(h), (i) and (j) does not sound as though a joint tenancy is automatically severed by the filing of a bankruptcy petition as a federal rule of bankruptcy law. It sounds permissive, as though the trustee may sever a joint tenancy if the estate benefits and if the rights of the non-debtor/co-tenant are protected.

In this case the trustee has not attempted to administer this property by severing or by selling the whole. We hold that the filing of a petition does not sever a joint tenancy with right of survivorship, unless the trustee actually executes against such property by attempting to sever or to sell the whole in order to liquidate such property. Pennsylvania does not sever a joint tenancy upon the entry of a judgment, but severs upon alienation, such as execution. We would go no further.

The trustee has not executed and does not intend to do so. Therefore, the joint tenancy has not been severed by the trustee or by any other creditor. The debtor may avoid liens in her interest in the property. Without severance, the debtor's interest consisted of the enjoyment of the entirety and to survivorship. Upon her mother's death, her mother's interest was extinguished. The debtor has now what she had before, an undivided interest in the whole. The debtor is able to avoid that portion of the URA lien that impairs her $7,500 exemption.

The record indicates a dispute as to the value of the property and the amount of other mortgages or liens. The debtor has 10 days to file its statement of the market value and the priority of the liens senior to the URA with an appropriate order to avoid under 11 U.S.C. § 522(f). The URA has 10 days from receipt to respond with an appropriate order. If a dispute exists, the Court will set a hearing.

An appropriate Order will issue.

## ORDER OF COURT

AND NOW, this 30 day of November, 1987, upon consideration of the debtor's Applications to Amend Schedule and Motion to Avoid Judicial Lien and Constable's Levy, after due consideration of the facts presented by the parties and the legal arguments submitted in support thereof,

IT IS HEREBY ORDERED that the debtor's Second Application to Amend Schedules B–1 and B–4 is GRANTED. The debtor shall file a statement of the market value of her real property within ten (10) days of the date of this order.

IT IS FURTHER ORDERED that the debtor's Motion to Avoid Judicial Liens and Constable's Levy is GRANTED to the extent that any judicial liens impair the debtor's exemption. The debtor shall also file a proposed order, indicating the amount of the lien of the Urban Redevelopment Authority to be avoided and the amount and priority of the remaining judicial liens.

IT IS FURTHER ORDERED that if the Urban Redevelopment Authority objects to the debtor's proposed statement of the market value and the proposed order avoiding liens, it shall file a proposed order within ten (10) days of receipt of the debt-

or's statement and order. The Court will then set a hearing

At Pittsburgh, Pennsylvania.